UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16 CV 57 ACL |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Michael S. Coleman for a writ of habeas corpus under 28 U.S.C. § 2254.

### I. Procedural History

Coleman is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. (Doc. 9-1 at 68.) On August 25, 2011, Coleman pleaded guilty to two counts of second-degree statutory rape, four counts of second-degree statutory sodomy, three counts of incest, one count of furnishing pornographic materials to a minor, two counts of first-degree endangering the welfare of a child, and one count of second-degree child molestation. *Id.* at 66-67. On October 20, 2011, the court sentenced Coleman to an aggregate sentence of twenty years' imprisonment. *Id.* at 80-85. The trial court also ordered shock incarceration under Mo. Rev. Stat. § 559.115, and recommended placement in the Sexual Offender Assessment Unit ("SOAU"). *Id.* at 85.

On February 14, 2012, after reviewing the SOAU report and considering counsels' arguments, the court denied Coleman probation. *Id.* at 14.

1

On November 7, 2012, Coleman filed an "Original Petition Seeking to Modify the Sentence Imposed," in which he argued that the sentences imposed were void. *Id.* at 90-98. On November 14, 2012, the trial court denied Coleman's Petition. *Id.* at 114. The court construed the Petition as a petition for writ of habeas corpus, and found that it had not been filed in the proper court as Coleman was not confined in St. Louis County. *Id.*

On December 31, 2012, Coleman filed an "Original Petition to Set Aside Judgment." *Id.* at 118-21.) The trial court denied the Petition on January 3, 2013. *Id.* at 120.

Coleman filed a Notice of Appeal on January 22, 2013, indicating that he was appealing the judgment denying his Original Petition to Set Aside Judgment. *Id.* at 127. Coleman raised the following claims in his appeal: (1) the trial court erred in refusing to provide him with transcripts of the record and (2) the trial court erred in denying him the opportunity to withdraw his guilty pleas after an alleged plea agreement was violated. (Doc. 9-2.) On July 29, 2014, the Missouri Court of Appeals held that Coleman's claim set forth in the Original Petition to Set Aside Judgment should have been raised in a timely-filed Rule 24.035 motion and was, therefore, time-barred. (Doc. 9-4) The court stated that the Petition should have been dismissed by the trial court. *Id.* Thus, the court vacated the judgment denying the Petition and remanded the cause with instructions to dismiss. *Id.*

Coleman filed the instant Petition on December 30, 2015, in which he raises the following grounds for relief: (1) the State entered into a conspiracy to falsely imprison him; (2) his sentences violate the Double Jeopardy Clause; (3) one of his sentences exceeds the maximum sentence allowed under Missouri law, and (4) the State violated an alleged plea agreement. (Doc. 1.)

Respondent filed a Response to Order to Show Cause, in which he argues that the Petition should be dismissed as untimely. (Doc. 9.) Respondent further argues that Coleman's claims are procedurally defaulted and fail on their merits.

## II. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in *Williams v. Collins*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

3

### III. Statute of Limitations

Respondent first argues that the Petition should be dismissed because Coleman failed to file his Petition within one year as required by 28 U.S.C. § 2244(d)(1)(A). "The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis. *Bear*, 650 F.3d at 1122, 1125.

Pursuant to Missouri Supreme Court Rules 30.01 and 81.04, Coleman had 10 days after his October 20, 2011 sentence in which to file an appeal. Coleman did not directly appeal his convictions or sentences. The statute of limitations under AEDPA therefore began to run on October 30, 2011, and expired on October 30, 2012.

The one-year limitations period is tolled while any "properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). To be "properly filed" under that statute the application must be "in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). In particular, the post-conviction motion must be timely filed. *See Allen v. Siebert,* 552 U.S. 3, 7 (2007) (per curiam).

In this case, Coleman did not file his petition to set aside the judgment until December 31, 2012, after the statute of limitations for his federal habeas petition expired. (Doc. 9-1 at 118-21.) Additionally, the petition was not "properly filed," as the Missouri Court of Appeals found that it

4

was untimely. As such, the one-year limitations period was not tolled during the pendency of the petition.[1] Accordingly, the instant Petition filed on December 30, 2015, is untimely.

## IV. Procedural Default

One who pursues relief under 28 U.S.C. § 2254(b)(1)(A) must have exhausted the remedies available in the courts of the State. In order to effectuate the fulfillment of this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues as application for federal habeas relief in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). "A federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court"; otherwise, they are defaulted. *Winfield v. Roper,* 460 F.3d 1026, 1034 (8th Cir. 2006).

Exhaustion "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac,* 456 U.S. 107, 125 n. 28 (1982). Thus, "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," the exhaustion requirement is satisfied. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland,* 518 U.S. 152, 161-62 (1996).

In Missouri, "habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). "Missouri law requires

---

[1] Coleman has attached records of additional state court actions he has filed, including a state habeas action, a petition for writ of mandamus, and a petition for writ of certiorari. (Doc. 10.) This evidence does not aid Coleman, as all of the proceedings were initiated after the expiration of the statute of limitations.

5

that a habeas petitioner bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief." *Moore-El v. Luebbers,* 446 F.3d 890, 896 (8th Cir. 2006). Accordingly, an offender who fails to raise his claims on direct appeal or in post-conviction proceedings has procedurally defaulted those claims "and cannot raise [the waived claims] in a subsequent petition for habeas corpus." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo. banc 2001). Under Missouri Supreme Court Rule 24.035, Coleman was required to file a post-conviction relief motion within 180 days after his delivery to the Missouri Department of Corrections.

Here, Coleman did not file a direct appeal of his convictions, and failed to file a timely post-conviction motion. His claims are, therefore, procedurally barred. *See Lowe-Bey v. Groose,* 28 F.3d 816, 818 (8th Cir. 1994) (citations omitted); *Gehrke v. State,* 280 S.W.3d 54, 58-59 (Mo. banc 2009).

There are circumstances where a court may nonetheless reach the merits of a procedurally barred claim, but only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). In order to satisfy the "cause" requirement, Coleman must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner. *Id.* at 753. In this case, Coleman does not allege cause and prejudice. The claims contained in the Petition are, therefore, procedurally barred.

As Petitioner has failed to fall within the ambit of reviewable applications for writ of habeas corpus the court will not address his claims relating to the merits of his application.

## V. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserved further proceedings. *See Cox*, 133 F.3d at 569. In this case, Coleman has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

Dated this 27th day of February, 2019.

*abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE